**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 21-3098-01-CR-S-MDH |
| Plaintiff, | **The Charge** |
| | 18 U.S.C. § 641 |
| v. | (Theft of Public Money) |
| | NMT 10 Years Imprisonment |
| **GREGORY ARTHUR NORTON** | NMT $250,000 Fine |
| [DOB: 02-15-1968], | NMT 3 Years Supervised Release |
| | Class C Felony |
| Defendant. | |
| | **Forfeiture Allegation** |
| | 18 U.S.C. § 981(a)(1)(C) and |
| | 28 U.S.C. § 2461 |
| | |
| | $100 Special Assessment |

# I N F O R M A T I O N

## THE UNITED STATES ATTORNEY CHARGES THAT:

### The Charge
### 18 U.S.C. § 641
### (Theft of Public Money)

1.      From in or about August 2015 until in or about March 2018, in Pulaski County, in the Western District of Missouri, and elsewhere, the defendant, **GREGORY ARTHUR NORTON**, in a single scheme and course of conduct, willfully and knowingly embezzled, stole, and purloined United States currency, of a value exceeding $1,000, specifically, cash receipts of the General Leonard Wood Army Community Hospital Dining Facility, the property of the United States, in violation of Title 18, United States Code, Section 641.

## Forfeiture Allegation

2.      The factual allegations of Paragraph 1 are re-alleged and incorporated for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

3.      As a result of the offense alleged in this Information, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the defendant, **GREGORY ARTHUR NORTON**, shall forfeit to the United States all property, real and personal, constituting, or derived from, proceeds traceable to the offenses, directly or indirectly, as a result of the violations of law, including but not limited to:

## Money Judgment

4.      A money judgment representing proceeds obtained by **GREGORY ARTHUR NORTON** in that the sum in aggregate, constitutes or is derived from proceeds traceable to the offense set forth in this Information.

## Substitute Assets

5.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a.      cannot be located upon the exercise of due diligence;

   b.      has been transferred, sold to, or deposited with, a third party;

   c.      has been placed beyond the jurisdiction of the Court;

   d.      has been substantially diminished in value; or

   e.      has been commingled with other property which cannot be divided without difficulty;

2

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of forfeitable property.

Respectfully submitted,

TERESA A. MOORE
Acting United States Attorney

SHANNON T. KEMPF
Assistant United States Attorney

DATED: 8-12-2021
Springfield, Missouri

3